

**IT IS ORDERED as set forth below:**

**Date: November 9, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **16-62531-PMB** |
| | ) | |
| **OLIVER BOOKER, JR.,** | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE TO ADD CREDITOR

This matter is before the Court on the *Motion to Reopen Chapter 7 Case and Add Creditor* filed by the Debtor named above, who is *pro se* (the "Debtor"), on November 5, 2020 (Docket No. 31)(the "Motion"). The Docket reflects that the Debtor paid the filing fee.

The Debtor filed his Chapter 7 bankruptcy case on July 20, 2016 (Docket No. 1). There was no distribution made in this Chapter 7 bankruptcy case (s*ee* Docket entry dated August 24, 2016), and no bar date was set for any creditor to file a proof of claim. (Docket *passim.*).

The Debtor received a discharge on December 7, 2016 (Docket No. 29).[1] A discharge under 11 U.S.C. § 727 discharges the Debtor from all debts that arose before the date of the

---
[1] This case was also closed on December 7, 2016.

filing of the bankruptcy petition on July 20, 2016, whether or not a proof of claim based on the liability has been filed or whether or not a claim has been allowed under 11 U.S.C. § 502. Moreover, the discharge under 11 U.S.C. § 727 discharges all such debts **even if the creditor was not listed in the Debtor's bankruptcy schedules,** unless such debt is otherwise non-dischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4) or (a)(6), all of which address claims arising due to fraud, false representations, and willful and malicious injuries.

The Debtor has requested that the Court reopen this case to permit him to schedule an additional creditor that was inadvertently excluded. However, 11 U.S.C. § 350(b) only permits a case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." Because the claim of the creditor that the Debtor seeks to add would have been discharged whether or not it was scheduled, this standard does not seem to be met. As a result, it is hereby

**ORDERED** that because the creditor that the Debtor seeks to add appears to hold a claim that would have been discharged pursuant to the Bankruptcy Code, there is no need for the Debtor to reopen the bankruptcy case to list it, and the Motion is therefore **DENIED**. All such creditors are nevertheless bound by the effects of the discharge as set forth in 11 U.S.C. § 524.[2]

The Clerk is directed to serve a copy of this Order on the Debtor, the former Chapter 7 Trustee, the United States Trustee, and all parties on the mailing matrix in this case.

**[ END OF ORDER ]**

---

[2] If the Debtor believes that the creditor is violating the discharge injunction, he should file another pleading seeking to reopen the case to pursue a claim against that creditor for violating his discharge. There is no additional fee for such a motion to reopen.